IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON HESTER, | ) CIVIL NO. 14-00413 JMS-RLP |
| Plaintiff, | ) ORDER REMANDING ACTION TO |
| | ) THE THIRD CIRCUIT COURT OF |
| vs. | ) THE STATE OF HAWAII |
| LEONARD G. HOROWITZ, ET AL., | ) |
| Defendants. | ) |

**ORDER REMANDING ACTION TO THE THIRD CIRCUIT COURT OF THE STATE OF HAWAII**

Based on the following, this action is REMANDED forthwith to the Third Circuit Court of the State of Hawaii (the "State Court").

## I. INTRODUCTION

The Complaint in this action alleges no federal causes of action, and after it was removed from the State Court, the court questioned whether it otherwise has federal subject matter jurisdiction over the action. *See* Doc. No. 6 (Order to Show Cause Why Action Should Not be Remanded to the Third Circuit Court of the State of Hawaii). In a prior Order to Show Cause ("OSC"), the court gave Defendants the opportunity to meet their burden to demonstrate a basis for

1

federal jurisdiction. *See id.*; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that a defendant who has removed a case bears the burden of proving the propriety of removal, including federal jurisdiction). The court allowed the action to proceed only after Defendants Horowitz and Kane asserted complete diversity of citizenship, claiming domicile in California (with Plaintiff being a citizen of Hawaii).[1] *See* Doc. Nos. 15, 16.

Nevertheless, the court has a "*continuing* obligation to assess its own subject-matter jurisdiction, even if the issues is neglected by the parties[.]" *United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003) (emphasis added). It is an "obligation to investigate and ensure [its] own jurisdiction[.]" *Id. See also*, *e.g.*, *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (reiterating that a federal court has an independent obligation to address *sua sponte* whether it has subject matter jurisdiction). Given this continuing obligation, and based on information not previously known to the court, the court now confirms that it lacks subject matter jurisdiction and that the action must be remanded to State Court forthwith.

---

[1] For a natural person to be a citizen of a state under 28 U.S.C. § 1332(a)(1), that person must be a United States citizen and "domiciled" in that state. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986*); Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] natural person's state citizenship is . . . determined by [his or] her state of domicile[.]").

## II. DISCUSSION

Reviewing various court records in this and related actions, it is obvious that this case is simply a continuation of a long-running dispute that is and has been the subject of several prior and pending actions in federal and state court.[2] *See, e.g.*, *Hester v. Horowitz*, No. 3RC14-1-000466 (Haw. Cir. Ct. 2014), (available at hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm); *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK (D. Haw. 2013).[3] (Indeed, it appears that this action is a duplicative action, raising similar if not identical questions that are or were at issue in other actions.) In particular, the court has reviewed certain filings in *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK, which was dismissed on March 14, 2014 by U.S. District Judge Helen Gillmor for (in part) lack of diversity of citizenship. In that action, Judge Gillmor found that "Plaintiff Horowitz is domiciled in Pahoa, Hawaii." *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK, Doc. No. 64, Order Granting Motions to Dismiss for Lack of Subject Matter

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[3] The actions in federal court have consisted of voluminous confusing pleadings, with scattered allegations regarding the Central Intelligence Agency, the National Security Agency, organized crime, copyright infringement, and antitrust violations. *See, e.g.*, Doc. No. 42 (striking filing that was fanciful, bearing no relation to the original complaint for quiet title, summary possession, and ejectment).

Jurisdiction, at 10.  This conclusion was based on Horowitz' October 1, 2013 Verified Complaint in that action, submitted under penalty of perjury, that Horowitz "has lived at 13-3775 Kalapana Highway, Pahoa, HI, 96778, as his primary residence since 2004." *Id.*, Doc. No. 1-2, Compl. at 10.  He asserted that he contracted to purchase the property in June 2003 for his ministry, the Royal Bloodline of David. *Id*. at 5.  Horowitz also affirmed to be "residing and working in the State of Hawaii at 13-3775 Kalapana Highway, Pahoa, HI, 96788," in a different suit.  *See Horowitz v. Softlayer Techs., Inc.*, Civ. No. 12-00205 HG-BMK, Doc. No. 19-2, Pls.' Reply at 2.

In the present action, Horowitz claimed (citing to a divorce record) that his "primary domicile [is] in California, at 880 Cliff Drive, Laguna Beach, where he lived with KANE and his children as late as June, 2011." *Hester v. Horowitz*, Civ. No. 14-00413 JMS-RLP, Doc. No. 13, Reply to OSC at 3. Horowitz claimed that "it is Defendants' intention to return home to California as soon as possible, pending resolution of this legal dispute[.]" *Id.* at 5 (emphasis omitted).  Horowitz also claimed that he "maintained a second domicile in Idaho, and was compelled by 'precipitating events' to move to Hawaii (thereby establishing a temporary residence in Hawaii) between 2009 and 2010 to defend his ministerial calling, Property investments, and right of Mortgage Release

(following payment in full on the original Note in February, 2009)." *Id.* (emphases omitted).

    These representations in the present case plainly conflict with Horowitz' prior statements upon which Judge Gillmor relied in *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK -- statements indicating a permanent residence in Hawaii.  They are also inconsistent with positions taken by Horowitz in that and other cases.  In an Order to Show Cause in *Horowitz v. Sulla*, Judge Gillmor informed the parties that "[d]iversity [of citizenship] is not present in this case based on the allegations in the Complaint.  At a minimum, Plaintiff Horowitz and Defendants Sulla, Hester, Herbert Ritke, Ronn Ritke, and Carey are all citizens of Hawaii." *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK, Doc. No. 18, at 2. Horowitz did not respond in November 2013 to this statement by asserting that his domicile was actually California (which could have established diversity of citizenship under 28 U.S.C. § 1332) -- instead he focused on arguing that he is a "public minister," and that federal question jurisdiction existed under 28 U.S.C. § 1331.  *See id.*, Doc. No. 24.

    Similarly, in another case, *Sulla v. Horowitz*, Civ. No. 12-00449 SOM-KSC, Chief Judge Susan Oki Mollway remanded an action removed by Horowitz, indicating that "[n]othing in the complaint suggests that there is

5

diversity of citizenship." *Id.*, Doc. No. 30. Judge Mollway's October 4, 2012 Order remanding that action reasoned in part that "[t]he responses to the order to show cause did not challenge the lack of diversity jurisdiction, but instead asserted federal question jurisdiction." *Id.*, Doc. No. 37 at 3. That is, Horowitz again did not claim his domicile was California when responding to an OSC.[4]

"Although residence alone is not the equivalent of citizenship, 'the place of residence is *prima facie* the domicile.'" *Martin v. Ampco Sys. Parking*, 2013 WL 5781311, at *6 (D. Haw. Oct. 24, 2013) (quoting *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). *See also Mondragon*, 736 F.3d at 886 (recognizing that "numerous courts treat a person's residence as prima facie evidence of the person's domicile") (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary[.]") (other citations omitted)). Here, the record establishes that Horowitz' residence has been in Hawaii since 2004, and, in reliance on that representation by Horowitz, Judge Gillmor indicated in 2014 that his domicile is Hawaii.

---

[4] Horowitz has not asserted that his domicile has changed from Hawaii to California. And there is a "presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).

Although Horowitz now declares that his domicile is California, this statement is treated with skepticism when federal jurisdiction is at issue. *See* 13E Charles Alan Wright, et al., *Federal Practice & Procedure* § 3612 at 549 (2009) ("*Federal Practice & Procedure*") ("A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism."); *Lew*, 792 F.2d at 750 ("[S]tatements of intent [as to domicile] are entitled to little weight when in conflict with facts.") (citations omitted); *Washington v. Hovensa LLC*, 652 F.3d 340, 346 (3d Cir. 2011) (reiterating that "[o]ne's testimony as to his intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is *contradicted or negatived* by an inconsistent course of conduct") (quoting *Korn v. Korn*, 398 F.2d 689, 691 (3d Cir. 1968)). "A related principle estops a party from pleading domicile differently in subsequent actions on unchanged facts." 13E *Federal Practice & Procedure* § 3612 at 551-52 (citing cases). And as for Horowitz' assertion that his "primary" domicile is California and that he had a "second" domicile in Idaho, "[n]umerous judicial opinions, at all levels of the federal courts . . . establish that a person has only one domicile for diversity purposes at a particular time." *Id.* at 528 (noting numerous cases).

When a case is removed to federal court, there is a strong presumption against removal. *See Gaus*, 980 F.2d at 566. A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction. *See id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Thus, given the evidence in this case and prior records and orders in related cases, and taking into account Horowitz' inconsistent statements regarding his domicile, it is obvious that Defendants have simply failed to meet their burden of proving the propriety of their removal of this action. *Gaus*, 980 F.2d at 566. Given this failure, diversity of citizenship is lacking (and there is no other basis of federal jurisdiction). Defendants have had an opportunity to demonstrate jurisdiction and it is still "[apparent] that the district court lacks subject matter jurisdiction [such that] the case shall be remanded." 28 U.S.C. § 1447(c). And because this Order remanding for lack of subject matter jurisdiction "is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), it is not subject to reconsideration. *See Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (concluding that once a district court certifies a remand order based on § 1447(c), it is divested of jurisdiction and can take no further

action).

## III.  CONCLUSION

Accordingly, the Clerk of Court shall remand the action forthwith to the Third Circuit Court of the State of Hawaii.  All pending Motions in this case are deemed MOOT in this court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 7, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Hester v. Horowitz et al.*, Civ. No. 14-00413 JMS-RLP, Order Remanding Action to the Third Circuit Court of the State of Hawaii